```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


BARRY JEROME HYSAW,              §
TDCJ-CID NO. 1156263,            §
                                 §
          Petitioner,            §
                                 §
v.                               §
                                 §   CIVIL ACTION NO. H-08-0341
NATHANIEL QUARTERMAN, Director,  §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
          Respondent.            §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner Barry Jerome Hysaw's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) and Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 9). For the reasons stated below, respondent's motion will be granted and Hysaw's petition will be dismissed.

### I. Factual and Procedural Background

Hysaw was convicted of sexual assault of a child on March 12, 2003, and sentenced to 45 years' imprisonment.[1] Hysaw's conviction was affirmed by the Texas Court of Appeals on March 11, 2004.[2] He

---

[1] Clerk's Record, Docket Entry No. 10, Judgment on Pleading Before Jury, Vol. I p. 95.

[2] Hysaw v. State, No. 13-03-246-CR (Tex. App. -- Corpus Christi Mar. 11, 2004).

did not file a petition for discretionary review with the Texas Court of Criminal Appeals.[3]

Two years later, on April 10, 2007, Hysaw filed an application for a state writ of habeas corpus. The Texas Court of Criminal Appeals denied the application on November 21, 2007.[4]

Hysaw filed his federal petition for habeas corpus on January 28, 2008, alleging that the evidence was insufficient to support his conviction, the prosecution failed to disclose favorable evidence, and he received ineffective assistance of counsel.[5] After the court ordered respondent to file an answer,[6] respondent filed a Motion for Summary Judgment with Brief in Support.[7] Respondent argues that Hysaw's petition is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

---

[3]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

[4]Respondent stated that Hysaw filed a state application for habeas corpus but failed to provide a copy of that application in the record. Respondent's Motion for Summary Judgment with Brief in Support, Docket Entry No. 9, p. 2. However, the petitioner indicated in his federal habeas petition that he filed a state application. Docket Entry No. 1, p. 3. The court also independently confirmed that Hysaw filed a state application for habeas corpus WR-68,683-01 through the Texas Court of Criminal Appeals website. See http://www.cca.courts.state.tx.us/opinions/casesearch.asp.

[5]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 7.

[6]Order to answer, Docket Entry No. 5.

[7]Respondent's Motion for Summary Judgment with Brief in Support, Docket Entry No. 9.

because it was filed more than two years after his conviction became final. Hysaw filed no response to respondent's summary judgment motion.

## II. Analysis

Summary judgment is proper if the pleadings show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because Hysaw's petition was filed after the enactment of the AEDPA, it is subject to the statute's requirements. Lindh v. Murphy, 117 S. Ct. 2059 (1997).

Under the AEDPA a petitioner must file a federal habeas application within one year of the latest of four dates. 28 U.S.C. § 2244 (d)(1)(A-D). Respondent argues that Hysaw's petition is time-barred under § 2244(d)(1)(A). The court agrees.

Section 2244(d)(1)(A) provides that the limitation period runs from the date on which a petitioner's conviction became final. A conviction becomes final under § 2244(d)(1)(A) "when the time for seeking further direct review in the state court expires." Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

On March 11, 2004, the Texas Court of Appeals affirmed Hysaw's conviction.[8] Because he did not file a petition for review with the Texas Court of Criminal Appeals within thirty days of that

---

[8] Hysaw v. State, No. 13-03-246-CR (Tex. App. -- Corpus Christi Mar. 11, 2004).

decision,[9] Hysaw's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on April 12, 2004. See Tex. R. App. P. 68.2(a) (requiring defendants to file a petition for discretionary review within thirty days of judgment). Therefore, under § 2244(d)(1)(A) Hysaw had until April 13, 2005, to file his petition. Accordingly, Hysaw's petition is untimely under 28 U.S.C. § 2244(d)(1)(A) because Hysaw did not file his petition until January 28, 2008, over two years after his conviction became final. Although § 2244(d)(2) provides that the limitation period may be tolled during the pendency of a state habeas application, this provision does not apply because Hysaw's state application was filed after the AEDPA's limitation period expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Hysaw failed to argue any other basis for tolling, and there is no evidence in the record to support such an argument. There is no indication that Hysaw was prevented from filing his petition by a state action. Section 2244(d)(1)(B). There is no newly-recognized constitutional right upon which the petition is based. Section 2244(d)(1)(C). Moreover, the petition indicates that the factual predicate of Hysaw's claims could have been discovered with due diligence before his challenged conviction became final. Section 2244(d)(1)(D). Therefore, Hysaw's petition is properly evaluated under § 2244(d)(1)(A).

---

[9] Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

Finally, Hysaw is not entitled to equitable tolling because he has not presented evidence of "rare and exceptional circumstances," or that he diligently pursued his rights. <u>Larry v. Dretke</u>, 361 F.3d 890, 897 (5th Cir. 2004) (citations omitted).[10]  For these reasons, Hysaw's habeas petition is untimely under the AEDPA and is subject to dismissal.

### III.  Conclusion and Order

Based on the foregoing analysis, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**, and petitioner's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 16th day of May, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[10] Respondent also argues that equitable tolling does not apply to federal habeas petitions because under <u>Bowles v. Russell</u>, 127 S. Ct. 2360 (2007), statutory time limits are jurisdictional and, thus, are not subject to equitable tolling. <u>See</u> <u>id.</u> at 2365-66. <u>But see Egerton v. Cockrell</u>, 334 F.3d 433, 436 (5th Cir. 2003) (holding that the AEDPA's limitation period is not jurisdictional and therefore is subject to equitable tolling).  However, because Hysaw failed to argue that equitable tolling applies, and because there is no indication in the record that equitable tolling should apply, the court need not reach the question of whether the limitation period is a jurisdictional requirement under <u>Bowles</u>.